UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCHIE FARMER, | |
|     Petitioner, | |
|     v. | Civil No. 14-cv-694-JPG |
| UNITED STATES OF AMERICA, | Criminal No 11-cr-40073-JPG-001 |
|     Respondent. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on petitioner Franchie Farmer's motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Docs. 1 & 2).  On June 14, 2012, a jury found the petitioner guilty of one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  On September 13, 2012, the Court sentenced the petitioner to serve 141 months in prison.  The petitioner appealed her conviction to the United States Court of Appeals for the Seventh Circuit, which on May 30, 2013, affirmed the Court's judgment.  *See United States v. Farmer*, 717 F.3d 559 (7th Cir. 2013).  The petitioner did not seek a writ of *certiorari* from the Supreme Court.

**I.      § 2255 Motion**

In her § 2255 motion and its supplement, the petitioner argues her counsel was constitutionally ineffective in violation of her Sixth Amendment rights because he failed to:

1. investigate and call to testify Sharon Bauers, Lana Neal and Entwain Johnson;

2. adequately review the Government's evidence with the petitioner in preparation for trial;

3. investigate juror misconduct through premature deliberations, request

    alternate jurors be used and request a hearing on the matter;

4. request a change of venue in light of the gallows near the courthouse and the reputation of racism in the community in which the Court sits;

5. object to FBI Special Agent Bratcher's testifying based on his unprofessional conduct;

6. maintain attorney-client confidentiality when he discussed the case with others;

7. object to prosecutorial misconduct;

8. object to sentencing guideline offense level enhancements not supported by a jury finding, *see Alleyne v. United States*, 133 S. Ct. 2151 (2013);

9. object to a jury instruction that did not require the jury to find the petitioner knew in time to withdraw from the conspiracy that her coconspirator would be using a gun, *see Rosemond v. United States*, 134 S. Ct. 1240 (2014); and

10. object to a jury instruction allowing a conviction for aiding and abetting when the indictment did not include that theory of liability.

The petitioner also makes reference to numerous other alleged errors in a way that is too vague or confusing to understand or respond to.

  The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). "Relief under § 2255 is available only for errors of constitutional or jurisdictional magnitude, or where the error represents a fundamental defect which inherently results in a complete miscarriage of justice." *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quotations omitted). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Sandoval v.*

*United States*, 574 F.3d 847, 850 (7th Cir. 2009).

**II.     Analysis**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court has determined that it is plain from the motion and the record of the prior proceedings that the petitioner is not entitled to relief on Grounds 3, 4, 8 and 10.

All of Farmer's challenges to her sentence rest on alleged instances of ineffective assistance of counsel.  The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  This right to assistance of counsel encompasses the right to *effective* assistance of counsel.  *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).  A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688-94 (1984); *Groves v. United States*, 755 F.3d 588, 591 (7th Cir. 2014); *United States v. Jones*, 635 F.3d 909, 915 (7th Cir. 2011); *Wyatt v. United States*, 574 F.3d 455, 457 (7th Cir. 2009).

To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel.  *Wyatt*, 574 F.3d at 458.  The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance.  *Id.*  The Court's review of counsel's performance must be "highly deferential[,] . . . indulg[ing] a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Strickland*, 466 U.S. at 689; *accord Groves*,

3

755 F.3d at 591; *Wyatt*, 574 F.3d at 458.   Counsel's performance must be evaluated keeping in mind that an attorney's trial strategies are a matter of professional judgment and often turn on facts not contained in the trial record.   *Strickland*, 466 U.S. at 689.   The Court cannot become a "Monday morning quarterback." *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir. 1990).

To satisfy the second prong of the *Strickland* test, the plaintiff must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different, such that the proceedings were fundamentally unfair or unreliable. *Groves*, 755 F.3d at 591; *Jones*, 635 F.3d at 915; *Adams v. Bertrand*, 453 F.3d 428, 435 (7th Cir. 2006).   "A reasonable probability is defined as one that is sufficient to undermine confidence in an outcome."   *Adams*, 453 F.3d at 435 (citing *Strickland*, 466 U.S. at 694).

A. <u>Ground 3</u>

Farmer claims her counsel was deficient because he failed to investigate juror misconduct through premature deliberations, to request alternate jurors be used and to request a hearing on the matter.

Following the trial, an alternate juror who had not participated in the jury deliberations contacted Farmer's counsel to report that other jurors had prematurely deliberated or had announced that they had come to a decision that Farmer was guilty before all the evidence had been presented.   Farmer's counsel made a motion for a new trial, supported by an affidavit from the alternate juror, noting the alleged jury misconduct.   The Court denied the motion, finding that Federal Rule of Evidence 606(b) prohibited the Court from inquiring into the effect of juror statements on the deliberations and that the statements were not presumptively prejudicial. Farmer's counsel again raised the issue on direct appeal, but the Court of Appeals affirmed the

Court's decision on the issue.  *See Farmer*, 717 F.3d at 563-66.

Counsel's performance in this regard was not deficient.  He made a diligent effort to promptly bring the jury problem before the Court, cited relevant authority and generally sought to resolve the matter to benefit Farmer.  Further, he pursued the issue on direct appeal.  That he was unsuccessful in his arguments does not mean he performed below par.  On the contrary, the Court finds Farmer's counsel's efforts with respect to this issue fell within the range of reasonably competent counsel.

Furthermore, Farmer has not shown prejudice from counsel's performance.  When a petitioner faults her attorney for failing to make an argument or present evidence, she bears the burden of demonstrating what the attorney should have done or said and that it would have had a reasonable probability of changing the result.  *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Berkey v. United States*, 318 F.3d 768, 774 (7th Cir. 2003).  Farmer claims her counsel should have asked for the Court to use alternate jurors.  However, since the jury had already rendered a verdict and been discharged by the time counsel learned of the alleged misconduct, it was too late to unseat the jurors who had made their minds up too early and substitute alternate jurors.  Farmer also says counsel should have asked for "a change of jury panel."  Essentially, this is what he did when he requested a new trial; in a new trial, the jury would have been chosen from a new venire.  Farmer also says her counsel should have objected on the spot to judicial misconduct in failing to hold a hearing on the matter.  However, for the reasons stated in the Court's order denying a new trial – which were affirmed on appeal – a hearing would have been inappropriate.  Finally, Farmer suggests her counsel should have argued that racism was at the bottom of her conviction since at the time the jurors prematurely decided she was guilty, the only

thing they knew about her was her race.  Again, this would have required an inquiry into the deliberation process which was not permitted under Federal Rule of Evidence 606(b).  Counsel is not constitutionally deficient for failing to make losing arguments.  *Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013); *Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005); *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001).

For these reasons, Farmer is not entitled to § 2255 relief on this ground.

B.    Ground 4

Farmer faults her counsel for failing to request a change of venue based on (1) the Franklin County Jail Museum's display of a gallows in the block next to the courthouse and visible from the parking lot in which the jurors may have parked[1] and (2) the alleged reputation of Benton, Illinois, as a racist community.

Changes of venue in a criminal case are required where the defendant will suffer prejudice without a change:  "Upon the defendant's motion, the court must transfer the proceeding against that defendant to another district if the court is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there."  Fed. R. Crim. P. 21(a).  Prejudice warranting transfer can be shown where, for example, "individual jurors [are] actually exposed to material that prevent[s] them from judging the case impartially," or "when pervasive and inflammatory pretrial publicity makes juror bias inevitable."

---

[1] Farmer claims the noose in the gallows is visible from the entrance to the courthouse and is the last thing you see before entering the courthouse.  This is not so.  The Franklin County Jail Museum stands between the courthouse entrance and the gallows so the gallows is not visible from the courthouse entrance.  The museum maintains the display on its premises as a replica of the gallows on which Charlie Birger, a notorious southern Illinois gangster and bootlegger, was hung in 1928, the last public hanging in the state of Illinois.  The gallows is only visible from one of the parking lots visitors may use to park before walking to the courthouse.

*United States v. Philpot*, 733 F.3d 734, 740 (7th Cir. 2013) (internal quotations omitted).  "[T]he ultimate question is whether it is possible to select a fair and impartial jury, and in most situations the voir dire examination adequately supplies the facts upon which to base that determination." *United States v. Nettles*, 476 F.3d 508, 513 (7th Cir. 2007) (internal quotations omitted).

     Farmer's counsel was not deficient for failing to request a change of venue based on the presence of the gallows in the block beside the courthouse or the reputation of the community. First, Farmer has not pointed to any evidence her counsel could have presented in support of the assertion that the gallows in the next block or the alleged reputation of town in which the Court sits had any prejudicial impact on the jury.  With respect to the gallows, she has not pointed to any evidence counsel could have presented to show that any juror actually saw the gallows, much less that seeing the gallows caused any actual prejudice or was so egregious as to be presumptively prejudicial to Farmer's case.  With respect to the town's alleged reputation, Farmer has not pointed to any evidence counsel could have presented to show that the town, or any particular resident of the town, was racist such that it had any impact on her case.  The jury pool comes from a much broader area than just one town; jurors are drawn from the 27 counties comprising the southeasternmost region of Illinois.  Even if the local community were racist – which the Court by no means suggests it is – only a very small part of the jury pool comes from this town.  Most importantly, the Court conducted a thorough voir dire to ensure each juror was able to be fair and impartial when considering Farmer's case.  There was simply no basis for Farmer's counsel to move for a change of venue, and he was not constitutionally deficient for failing to do so.

     Additionally, Farmer was not prejudiced because her counsel failed to move for a change of venue.  For the foregoing reasons, the Court would have soundly rejected such a request.

Farmer is not entitled to § 2255 relief on this basis.

C.   Ground 8

Farmer claims her counsel was deficient because he failed to object to the sentencing enhancements of her base offense level based on factual findings made by the Court.   In support of this argument, she cites *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), which held that, except for prior convictions, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."   *Alleyne*, decided June 17, 2013, overruled *Harris v. United States*, 536 U.S. 545, 557 (2002), which had earlier held that facts found by a judge could increase the statutory mandatory minimum sentence applicable to a defendant.   *Alleyne*, 133 S. Ct. at 2155.

First, counsel was not deficient for failing to make an argument based on a case that had not been decided at the time.   Farmer was sentenced in September 2012, and *Alleyne* was not decided until June 2013.   In September 2012, *Harris* was the law of the land, and counsel was not deficient for failing to anticipate the change in the law.   *See Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014).

Farmer also suffered no prejudice from counsel's performance.   The rule of *Alleyne* applies only to statutory mandatory minimums, not offense level enhancements under the sentencing guidelines.   *See Alleyne,* 133 S. Ct at 2163 (noting facts influencing a judge's discretion in selecting a sentence within the statutory guideline range need not be found by a jury); *United States v. Volpendesto,* 746 F .3d 273, 296 n.8 (7th Cir. 2014); *United States v. Valdez,* 739 F.3d 1052,1054 (7th Cir.2014).   Even if counsel had argued the principles of *Alleyne* before the Supreme Court decided the case, it would not have changed the outcome of Farmer's case.

For these reasons, Farmer is not entitled to relief based on Ground 8.

    D.    <u>Count 10</u>

In the supplement to her § 2255 motion, Farmer argues that her counsel was constitutionally ineffective because he failed to object to jury instructions allowing a guilty verdict on an aiding and abetting theory when the indictment alleged no such theory.

Counsel was not deficient for failing to make this losing argument. "[I]t is well established that a defendant charged as a principal may be convicted as an aider and abettor – even where an indictment makes no reference to 18 U.S.C. § 2, an aiding and abetting statute." *United States v. Carter*, 695 F.3d 690, 697 (7th Cir. 2012). Furthermore, Farmer suffered no prejudice because even if counsel had made the argument, the Court would have rejected it. Farmer is not entitled to relief based on Ground 10.

**III.**    **Conclusion**

For the foregoing reasons, the Court rejects Grounds 3, 4, 8 and 10 as a basis for § 2255 relief. The Court **ORDERS** the Government to file a response to the remaining theories in petitioner's § 2255 motion within **THIRTY DAYS** of the date this order is entered. The Government shall, as part of its response, attach all relevant portions of the record in the underlying criminal case.

**IT IS SO ORDERED.**
**DATED:   August 19, 2014**

                                                       s/J. Phil Gilbert
                                                     **J. PHIL GILBERT**
                                                     **DISTRICT JUDGE**