UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANCHIE FARMER, | |
|    Petitioner, | |
|        v. | Civil No. 14-cv-694-JPG |
| UNITED STATES OF AMERICA, | Criminal No 11-cr-40073-JPG-001 |
|    Respondent. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on petitioner Franchie Farmer's second supplemental brief to her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255 (Doc. 4). The Court construes this motion as a motion to reconsider parts of its August 19, 2014, order (Doc. 3) rejecting Grounds 8 and 10 as a basis for § 2255 relief and as a motion for leave to amend her § 2255 motion.

In Ground 8, relying on *Alleyne v. United States*, 133 S. Ct. 2151 (2013), Farmer argued her counsel was constitutionally ineffective for failing to object to a sentencing guideline enhancement not supported by a jury finding. In her current motion, she claims that her argument should not be viewed through the lens of ineffective assistance of counsel but should instead be viewed as a direct challenge to her sentence based on *Alleyne*. However, for the same reasons the Court found Farmer was not prejudiced by her counsel's failing to argue that *Alleyne* principles applied, the Court finds *Alleyne* does not serve as a basis for § 2255 relief:

> The rule of *Alleyne* applies only to statutory mandatory minimums, not offense level enhancements under the sentencing guidelines. *See Alleyne,* 133 S. Ct at 2163 (noting facts influencing a judge's discretion in selecting a sentence within the statutory guideline range need not be found by a jury); *United States v. Volpendesto,* 746 F .3d 273, 296 n.8 (7th Cir. 2014); *United States v. Valdez,* 739 F.3d 1052,1054 (7th Cir. 2014).

Mem. & Order 8 (Doc. 3).

In Ground 10, Farmer argued her counsel was constitutionally ineffective for failing to object to jury instructions allowing the jury to convict her based on an aiding and abetting theory when the indictment did not mention aiding and abetting.  Farmer notes the indictment did, in fact, cite 18 U.S.C. § 2, the aiding and abetting statute.  This does not, however, change the Court's conclusion that counsel was not ineffective.

Farmer also argues the Court failed to recognize her claims of ineffective assistance of counsel for his failure to:

11.  convey a plea offer in violation of *Missouri v. Frye*, 132 S. Ct. 1399 (2012); and

12.  include a claim on appeal based on the lack of Farmer's fingerprints on the note.

The Court believes the interests of justice favor allowing Farmer to include these two claims in her § 2255 petition, but that the Government should be allowed additional time to respond in light of these amendments.

Accordingly, the Court:

- **DENIES** Farmer's motion to reconsider its rulings as to Counts 8 and 10 (Doc. 4);

- **GRANTS** Farmer's motion to amend her § 2255 motion to add Grounds 11 and 12; and

- **ORDERS** that the Government shall have up to and including November 21, 2014, to file its response.

**IT IS SO ORDERED.**
**DATED:   October 20, 2014**

                                          s/J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**